UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ETHAN ALEXANDER SELF, | ) |
| *Petitioner*, | ) |
| v. | ) Case No. 3:22-CV-375-CLC-JEM |
| MIKE PARRIS, | ) |
| *Respondent*. | ) |

## **M E M O R A N D U M**

Before the Court is Ethan Alexander Self's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 1], and Respondent's motion to dismiss the petition as time-barred [Doc. 6]. Petitioner filed a response to the motion [Doc. 8], and Respondent filed a reply [Doc. 9]. For the reasons articulated below, Respondent's motion will be granted, and the petition will be dismissed with prejudice.

**I.      RELEVANT FACTUAL AND PROCEDURAL HISTORY**

On January 4, 2011, a Greene County jury indicted Petitioner of first-degree murder under two alternative theories [Doc. 5-1]. Prior to trial, the Greene County trial court granted Petitioner a change of venue to Hawkins County. *State v. Self*, No. 2014-02466-CCA-R3-CD, 2016 WL 4542412, at *1 n.1 (Tenn. Crim. App. Aug. 29, 2016), *perm. app. denied* (Tenn. Jan. 19, 2017). Following a jury trial, Petitioner was convicted of premeditated first-degree murder and was sentenced to an effective term of life imprisonment [Doc. 5-2]. In its August 29, 2016, opinion, the Tennessee Court of Criminal Appeals affirmed Petitioner's conviction and sentence. *Self*, 2016 WL 4542412, at *63. The Tennessee Supreme Court denied discretionary review [Doc. 5-12]. Petitioner's petition for writ of certiorari in the United States Supreme Court was denied on June 5, 2017 [Docs. 5-13, 5-15].

Thereafter, Petitioner filed a pro se petition for post-conviction relief in the Hawkins County Criminal Court that was later amended by appointed counsel [Doc. 5-16 at 1–53, 54–58]. Petitioner's pro se post-conviction petition was executed on January 18, 2018, and it was filed with the clerk on January 22, 2018 [*Id*. at 1, 53][1]. Following an evidentiary hearing, the post-conviction court denied relief, and Petitioner appealed the decision to the Tennessee Court of Criminal Appeals [*Id*. at 59–110]. The appellate court affirmed the judgment of the post-conviction trial court. *Self v. State*, No. E2020-01420-CCA-R3-PC, 2021 WL 4772997, at *7 (Tenn. Crim. App. Oct. 13, 2021) (no perm. app. filed). Petitioner did not seek discretionary review in the Tennessee Supreme Court.

On October 21, 2022, this Court received Petitioner's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1]. Petitioner represented that he placed the petition in the prison mailing system on October 11, 2022 [*Id*. at 14]. In its October 27, 2022, Order, this Court ordered Respondent to file a response to the petition [Doc. 4]. Respondent did so by filing the state-court record [Doc. 5] and the instant motion to dismiss [Doc. 6]. Petitioner filed an untimely response[2] to Respondent's motion on or about December 19, 2022 [Doc. 8], and Respondent filed a reply the same day [Doc. 9].

## II. LEGAL STANDARD

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521

---

[1] The petition states that it was placed in the prison mailing system on January 18, 2017, but it appears that the designation of "2017" was a misprint [*Id*. at 7].

[2] The Court ordered Petitioner to file any desired response within twenty-one days of Respondent's response [*See* Doc. 4 p. 1]. Petitioner argues that he mailed a response to Respondent's motion on December 7, 2022, but he mailed that response to the Tennessee Supreme Court [*See* Doc. 8 p. 7, 9]. It is self-evident that this action is not pending before the Tennessee Supreme Court.

U.S. 320, 336 (1997). The issue of whether Respondent's motion should be granted turns on the statute's limitation period, which provides,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000) (citations omitted).

### III.   ANALYSIS

Petitioner's conviction became "final" June 5, 2017 — the date the Supreme Court declined review of Petitioner's petition for writ of certiorari [Doc. 5-15]. Therefore, the federal statute of limitations began running the following day, June 6, 2017, and continued running for 226 days until Petitioner stopped the limitations clock by filing his pro se petition for post-conviction relief

3

on January 18, 2018[3] [Doc. 5-16 at 1–53]. *See* 28 U.S.C. § 2244(d)(2). The limitations period remained tolled during the pendency of Petitioner's post-conviction proceedings, which concluded on December 13, 2021,[4] when the time for Petitioner to seek discretionary review to the Tennessee Supreme Court expired (October 13, 2021, plus sixty days is December 13, 2021). *See* Tenn. R. App. P. 11(b) (establishing that applying for permission to appeal to the Tennessee Supreme Court must be filed "within 60 days after the entry of the judgment of the . . . Court of Criminal Appeals"). The one-year limitations clock began running again the following day, December 14, 2021, and it expired 139 days later on May 2, 2022 (365 days minus 226 days equals 139 days).

Petitioner did not file his federal habeas petition until, at earliest, when he signed it on October 11, 2022 [Doc. 1 at 14]. Accordingly, Petitioner's federal habeas petition was not timely filed, and the Court can consider its merits only if Petitioner establishes an entitlement to equitable tolling of the limitations period or demonstrates a "credible showing of actual innocence." *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (finding it is the petitioner's burden to demonstrate equitable tolling applies); *see also McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (holding a "credible showing of actual innocence" may overcome AEDPA's limitations period).

To establish an entitlement to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

---

[3] Petitioner executed his verification of the petition and accompanying memorandum on January 18, 2018 [*See* Doc. 5-16 at 7, 53]. According to the Court of Appeals for the Sixth Circuit, the date Petitioner signed the document is typically deemed the date of handing it to the prison authorities for mailing. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). A prisoner's pleading is deemed filed on the day it was delivered to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266 (1977) (declaring "mailbox rule").

[4] Petitioner's opportunity to seek review expired on December 12, 2021, a Sunday. Because the last day of the time period fell on a weekend, the deadline expired the next business day, December 13, 2021. *See* Tenn. R. App. P. 21(a); Fed. R. Civ. P. 6(a)(1)(C).

4

way" to prevent timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To demonstrate actual innocence, Petitioner must present "new reliable evidence . . . that was not presented at trial" that, when considered in conjunction with all the evidence, makes it "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)). It is a standard that requires factual—not legal—innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner's federal habeas petition did not address the issue of timeliness [*See generally*, Doc. 1]. However, in his response in opposition to Respondent's motion to dismiss, Petitioner argues that he is entitled to equitable tolling because he was abandoned by his post-conviction counsel [Doc. 8 at 3–5].

Although a "garden variety claim of excusable neglect" does not generally entitle a petitioner to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (citation omitted), attorney abandonment may warrant its application. *Maples v. Thomas*, 565 U.S. 266, 283 (2012). In the case of attorney abandonment, "a client [cannot] be faulted for failing to act on his behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Id*. Here, Petitioner argues that he is entitled to equitable tolling because he was diligent in pursuing his rights despite post-conviction counsel abandoning him following the conclusion of Petitioner's post-conviction appeal [Doc. 8 at 4]. He maintains that he exhibited diligence in pursing his claims by repeatedly attempting to contact post-conviction counsel regarding his case status [*Id*]. Petitioner also states that electronic records in the Tennessee Offender Management Information System ("TOMIS") support his argument for equitable tolling [*Id*.].

Specifically, Petitioner claims that after the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief, he contacted post-conviction counsel, who told Petitioner that

5

"he would look into filing" a federal habeas petition on Petitioner's behalf [*Id*. at 3]. Moreover, Petitioner argues that his difficulty contacting and communicating with post-conviction counsel "over a period of several months" was a component of an extraordinary circumstance that impeded the timely filing of his federal habeas petition [*Id*. at 5].

First, the Court finds that Petitioner does not demonstrate that there was an attorney–client relationship between him and post-conviction counsel for the purposes of federal habeas review because post-conviction counsel's appointment expired following the conclusion of the post-conviction appellate proceedings. That is, the attorney–client relationship between Petitioner and post-conviction counsel would have naturally terminated, at latest, when the time expired for Petitioner to seek discretionary review from the judgment of the Tennessee Court of Criminal Appeals affirming the denial of post-conviction relief. *See* Tenn. S. Ct. R. 13 § 1(e)(5) ("Appointed counsel shall continue to represent an indigent party throughout the proceedings, including any appeals, until the case has been concluded or counsel has been allowed to withdraw by a court."). There cannot be attorney abandonment where there is no attorney–client relationship.

However, even if there were an attorney–client relationship relevant to federal habeas review and if post-conviction counsel's conduct were considered attorney abandonment that qualifies as an extraordinary circumstance necessitating further consideration of equitable tolling, Petitioner must otherwise demonstrate that he diligently pursued his federal rights.

Although Petitioner does not identify the date on which he first successfully made contact with post-conviction counsel, he states that he spoke to counsel "[a]fter several failed attempts" and "was informed that [post-conviction counsel] did not seek [further discretionary review] [in] the Tennessee Supreme Court" [Doc. 8 at 3]. During that conversation, Petitioner maintains that post-conviction counsel stated he "would look into filing" Petitioner's federal habeas petition [*Id.*].

6

Petitioner states that his family contacted post-conviction counsel "[a]fter several weeks passed" from this initial conversation, and post-conviction counsel failed to attend a teleconference call [*Id.*]. Petitioner states, "Several weeks passed with no word from [post-conviction counsel] when finally[,] Petitioner was able to make contact with him" [*Id.*]. Petitioner recounts that post-conviction counsel was "very vague and not giving any dates or real information" during the purported final teleconference [*Id.*]. It was after this final teleconference that Petitioner alleges he began pursuing his federal rights, and that he was able to file the instant petition "[a]fter several weeks" [*Id.*]. Petitioner maintains that he was not aware that his petition was untimely until after Respondent filed its motion [*Id.* at 3–4].

Therefore, Petitioner claims he had two successful teleconferences with post-conviction counsel following the Tennessee Court of Criminal Appeals' decision on post-conviction review, and that there was one unsuccessful teleconference in between the two successful ones. Petitioner's relevant TOMIS contact notes, which Respondent submits with its reply, reflect that Petitioner and post-conviction counsel had a teleconference on October 29, 2021 — approximately two weeks after the Tennessee Court of Criminal Appeals' October 13, 2021, decision affirming the denial of post-conviction relief [Doc. 9-1]. The second successful teleconference Petitioner references took place on October 6, 2022—one week before the referenced unsuccessful teleconference [Doc. 9-2]. The unsuccessful teleconference Petitioner references in his response did not take place "several weeks" after the October 29, 2021, teleconference, but rather, it occurred on October 12, 2022, nearly one year after Petitioner learned his post-conviction appellate review had come to an end, and over five months after the one-year statute of limitations under § 2244(d)(1) had expired [*See* Doc. 9-3].

Viewed together, Petitioner's arguments and TOMIS records demonstrate that Petitioner passively pursued his federal rights. At the time of Petitioner's first successful teleconference with

7

post-conviction counsel on October 29, 2021, the Tennessee Court of Criminal Appeals had recently affirmed the denial of post-conviction relief, and Petitioner had significant time remaining on the federal limitations clock. Nonetheless, Petitioner allowed almost one year to pass between this first successful teleconference and the final successful teleconference with post-conviction counsel without taking any independent action to pursue his federal rights. Therefore, Petitioner has failed to demonstrate due diligence as required under *Holland*, and he has failed to meet his burden of demonstrating that he is entitled to equitable tolling of the federal limitations period.

Further, the Court finds Petitioner has not argued or demonstrated a credible showing of actual innocence. Accordingly, the Court finds that the instant petition is untimely.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Additionally, Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied.

## V. CONCLUSION

For the reasons set forth above, Respondent's motion [Doc. 6] will be **GRANTED**, and this federal habeas petition will be **DISMISSED WITH PREJUDICE**. A certificate of appealability will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**